UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PIXELTEQ, INC.<br>8060 Bryan Dairy Road<br>Largo, Florida 33777,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DELTA d/b/a DELTA OPTICAL THIN FILM<br>NORTH AMERICA<br>105 Chadbourne Drive<br>Hudson, Ohio 44236,<br><br>　　　　　Defendant. | Civil Action No._____<br><br>Judge _____<br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Pixelteq, Inc., for its Complaint against Defendant DELTA d/b/a DELTA Optical Thin Film North America, by its undersigned counsel, hereby alleges as follows:

### PARTIES

1.　　Plaintiff Pixelteq, Inc. ("Pixelteq") is a corporation organized and existing under the laws of Florida with its principal place of business located at 8060 Bryan Dairy Road, Largo, Florida 33777.

2.　　For many years, Pixelteq has been in the business, *inter alia*, of manufacturing, marketing, offering for sale, and selling optical thin films.

3.　　Pixelteq has invested large sums in research and development to produce tunable variable bandpass optical filters.

4. Upon information and belief, Defendant DELTA d/b/a DELTA Optical Thin Film North America ("Defendant") is a foreign corporation with its principal place of business in North America located at 105 Chadbourne Drive, Hudson, Ohio 44236.

5. Defendant is a competitor of Pixelteq with respect to optical filters and has independently and/or in combination with others presently unknown, developed, manufactured, imported, marketed, distributed, sold, offered for sale, used, supplied, made and/or caused to be made infringing tunable variable bandpass optical filters, and presently continues to do so throughout Ohio, in this judicial district, and elsewhere in the United States.

## JURISDICTION AND VENUE

6. The following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant regularly transacts and conducts business in this state and judicial district, actively and purposefully directs its business activities towards this state and judicial district and citizens thereof, and has performed acts of patent infringement in this state and judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), 28 U.S.C. § 1400(b), and LR 3.8 because Defendant resides in this judicial district.

## STATEMENT OF FACTS

9. On October 2, 2001, Ocean Optics, Inc. filed a patent application in the United States Patent and Trademark Office ("USPTO") for an invention known as *Tunable Variable Bandpass Optical Filter*, which claims priority to a provisional application filed October 2, 2000. The application was assigned serial number 09/969,483 ("the '483 Application").

10. On March 2, 2004, United States Patent Number 6,700,690 ("the '690 Patent") entitled *Tunable Variable Bandpass Optical Filter*, was duly and legally issued from the '483 Application to Ocean Optics, Inc. as assignee of the inventors Philip E. Buchsbaum and James D. Lane.

11. On April 13, 2009, an assignment was recorded with the USPTO, transferring ownership of the '690 Patent from Ocean Optics, Inc. to Ocean Thin Films, Inc. On April 19, 2013 a change of name was recorded with the USPTO, identifying Pixelteq as the owner of the '690 Patent. A copy of the '690 Patent is attached hereto as Exhibit A.

12. Defendant offers for sale and sells on its website (http://orderfilters.madebydelta.com/linear-variable-filters.html) a linear variable long wave pass filter (Item Name LVLWP) and a linear variable short wave pass filter (Item Name LVSWP).

13. Defendant states that it "has lifted the quality of variable filters to new levels, by introducing a new powerful combination of a linear variable long wave pass (LWP) filter and the corresponding linear variable short wave pass (SWP) filter" and that "[c]ombining the [LVLWP and LVSWP] filters enables the construction of bandpass filters, whose centre wavelengths and FWHM values can be tuned continuously" on its website at http://www.madebydelta.com/delta/Business_units/LO/Filter_catalogue/Catalogue_linear_variable_filters.page

14. Defendant provides a video entitled "DELTA presents a Tunable Bandpass Filter by combination of LVSWP and LVLWP" demonstrating the combination of LVLWP and LVSWP filters to achieve a bandpass filter on its website at http://www.madebydelta.com/delta/Business_units/LO/Filter_catalogue/Catalogue_linear_variable_filters.page

3

15. Defendant's video entitled "DELTA presents a Tunable Bandpass Filter by combination of LVSWP and LVLWP" markets performance data and/or characteristics specific to wavelength and bandwidth variations which, upon information and belief, could only be achieved with the combination of LVLWP and LVSWP filters as recited in the claims of the '690 Patent.

16. Defendant's video entitled "DELTA presents a Tunable Bandpass Filter by combination of LVSWP and LVLWP" demonstrates LVLWP and LVSWP filters being linearly controlled to vary wavelength and bandwidth as recited in the claims of the '690 Patent.

17. Defendant, by its design, manufacture, marketing, demonstration, use, importation, offer of sale, and/or sale of tunable variable bandpass optical filters, including the sale and advertised combination of LVLWP and LVSWP filters to enable construction of tunable variable bandpass optical filters, without authority from Pixelteq, has infringed and continues to infringe one or more claims of the '690 Patent, and will continue to do so unless it is enjoined by this Court. Pixelteq owned the '690 Patent through the period of Defendant's infringing acts and still owns the '690 Patent.

## FIRST CLAIM FOR RELIEF
(Infringement of the '690 Patent)

18. Pixelteq incorporates by reference the factual allegations set forth in Paragraphs 1 through 17 above as if set forth herein in full.

19. Defendant has infringed and is infringing the '690 Patent by making, marketing, demonstrating, using, importing, selling, offering to sell, or causing to be made tunable variable bandpass optical filters, including the sale and advertised combination of LVLWP and LVSWP filters to enable construction of tunable variable bandpass optical filters, protected by one or

more claims of the '690 Patent in violation of 35 U.S.C. § 271(a), and will continue to do so unless it is enjoined by this Court.

20. Upon information and belief, Defendant has actively induced, and will continue to actively induce, others to infringe the '690 Patent throughout Ohio, within this judicial district, and elsewhere throughout the United States by, among other activities, affirmatively selling, offering to sell, encouraging, and intending for its customers to use the LVLWP and/or LVSWP filters in conjunction with other advertised applications, videos, instructions or processes to create tunable variable bandpass optical filters, protected by one or more claims of the '690 Patent in violation of 35 U.S.C. § 271(b), did so with knowledge of the '690 Patent, and will continue to do so unless it is enjoined by this Court.

21. Defendant's infringement and/or inducement of infringement of Pixelteq's '690 Patent as set forth herein has been and is deliberate and willful, having received actual knowledge of the '690 Patent and Pixelteq's notice of infringement of the '690 Patent through correspondence dated January 24, 2013, making this an exceptional case within the meaning of 35 U.S.C. § 285.

22. Defendant's infringement and/or inducement of infringement of Pixelteq's '690 Patent has caused and will continue to cause Pixelteq monetary damage and irreparable harm for which it has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Pixelteq requests judgment:

(a) That the '690 Patent, and claims thereof, are valid and enforceable;

(b) That Defendant has infringed one or more of the claims of the '690 Patent and that its infringement has been willful;

(c) That Defendant is liable for inducement of infringement of one or more of the claims of the '690 Patent and that its inducement of infringement has been willful;

(d) That Pixelteq has been irreparably harmed by the infringing activities of Defendant;

(e) That Defendant, its respective parent and/or subsidiary companies, officers, agents, servants, employees and those persons in act of concert or participation with any of them, as well as all successors or assignees of the interests or assets related to tunable variable bandpass optical filters, be preliminarily and permanently enjoined and restrained from promoting, selling and/or using any filters, not limited to the LVLWP and/or LVSWP filters, in conjunction with other advertised applications, videos, instructions or processes to create tunable variable bandpass optical filters that infringe the '690 Patent;

(f) That Pixelteq be awarded damages adequate to compensate for Defendant's infringement, which shall include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the '690 Patent by Defendant including pre- and post-judgment interest and costs, including expenses in accordance with 35 U.S.C. § 284;

(g) That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to Pixelteq in accordance with 35 U.S.C. § 284;

(h) That this case be declared an exceptional case in accordance with 35 U.S.C. § 285 in that Pixelteq be awarded its attorneys' fees; and

(i) That Pixelteq be awarded such further necessary or proper relief this Court may deem just and equitable.

Respectfully submitted,


*/s/ Douglas J. Feichtner*
Joshua A. Lorentz (0074136)
Douglas J. Feichtner (0075160)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
Email:  joshua.lorentz@dinsmore.com
Email:  doug.feichtner@dinsmore.com

*Attorneys for Plaintiff*
*Pixelteq, Inc.*

## JURY DEMAND

Pursuant to Rule 38(b), of the Federal Rules of Civil Procedure, Pixelteq hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ Douglas J. Feichtner*
Joshua A. Lorentz (0074136)
Douglas J. Feichtner (0075160)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
Email: joshua.lorentz@dinsmore.com
Email: doug.feichtner@dinsmore.com

*Attorneys for Plaintiff*
*Pixelteq, Inc.*

2428507v3